IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OHIO NATIONAL LIFE ASSURANCE CORPORATION, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | C.A. NO. 4:11-CV-01772 |
| BERT T. DUNKEN and PATRICK S. WELLNITZ, | § § § § | |
| Defendants. | § | |

## PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO AMEND COMPLAINT AND JOIN NEW PARTY

Plaintiff Ohio National Life Assurance Corporation ("Ohio National") files its unopposed motion for leave to file its Second Amended Complaint and states:

### I. GROUNDS FOR AMENDMENT

On May 9, 2011, Ohio National filed its Complaint and immediately thereafter filed its First Amended Complaint which made no substantive changes, but merely corrected a mistake in the style. Ohio National seeks leave of Court to join M&T Trust ("M&T") as a new party, to clean up the factual allegations based on recent discovery, and to add a new life insurance policy as to claims against Defendant Bert T. Dunken ("Dunken"). A copy of the proposed Second Amended Complaint is attached as Exhibit A.

## II. ARGUMENT

Under FED. R. CIV. P. 15(a), a party may amend its pleadings by leave of Court or by written consent of the adverse party, and such leave shall be freely given where justice so requires. *See Jamieson v. Shaw*, 772 F.2d 1205, 1206 (5th Cir. 1985) (leave shall be freely given); *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981) (Rule 15 "evinces a bias in favor of granting leave to amend"). As the Fifth Circuit has observed: "[T]he policy of liberal amendment directs that 'unless there is substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.'" *Corwin v. Marney, Orton Investments*, 843 F.2d 194, 199 (5th Cir. 1988).

This case involves "stranger-originated life insurance" or STOLI policies. Ohio National alleges that Dunken solicited an elderly insured to apply to Ohio National for a $10,000,000 policy ("Policy") for the purpose of selling the policy to stranger investors. The Policy is presently owned by and payable to M&T, which is a "securities intermediary" of the original investor. The proposed Second Amended Complaint joins M&T as a new party to a declaratory judgment claim seeking an adjudication that the Policy is void for lack of an insurable interest and/or M&T does not have an insurable interest as a beneficiary. The addition of this claim is timely under Scheduling Order and will not prejudice the parties to the lawsuit. While the claim is based upon the same Policy and the same set of facts

that are already at issue in the lawsuit, Ohio National has now confirmed through extensive subpoenas and preliminary depositions the facts underlying the request for declaratory relief. Ohio National's deposition has not yet been taken. As such, this amendment will not result in the need for additional discovery.

The other substantive change is a second $5,000,000 life insurance policy issued to another insured, James Cole ("Cole Policy"), which Ohio National contends is part of the same STOLI scheme. While Dunken denies the allegations, Ohio National seeks to add the Cole Policy to its existing claims against Dunken. The addition of the Cole Policy will not cause any duplication of discovery and will not cause prejudice to any party.

Finally, the Complaint corrects some factual allegations based on the discovery completed to date and expands the factual basis of the alter ego, agency, and conspiracy allegations. Again, these amendments will not result in the need for additional discovery or cause any prejudice to the parties. Therefore, under the liberal pleading standards of Fed. R. Civ. P. 15, Ohio National should be granted leave to file the proposed Second Amended Complaint.

### III.  THE MOTION IS UNOPPOSED

Counsel for Ohio National conferred with counsel for Dunken and Wellnitz regarding the relief requested. Defendants' counsel stated they do not oppose Ohio

National's motion for leave to amend, although they do not agree with the claims asserted and reserve all defenses.

### IV.  **CONCLUSION**

Based on the foregoing, Ohio National respectfully requests the Court grant its motion for leave and enter an order allowing it to file the Second Amended Complaint.

Respectfully submitted,

By: s/ Jill B. Davenport
Mark T. Davenport
Attorney-In-Charge
State Bar No. 05418000
Southern District No. 8599

OF COUNSEL:

Jill B. Davenport
State Bar No. 00783680
Southern District No. 15377
Raymond E. Walker
State Bar No. 24037663
Southern District No. 36366

FIGARI & DAVENPORT, L.L.P.
3400 Bank of America Plaza
901 Main Street
Dallas, Texas  75202
(214) 939-2000
(214) 939-2090 (FAX)

ATTORNEYS FOR PLAINTIFF
OHIO NATIONAL LIFE
ASSURANCE CORPORATION

## CERTIFICATE OF CONFERENCE

The undersigned counsel for Ohio National Life Assurance Corporation has conferred with counsel for Defendants, who advised they are not opposed to the relief requested in this motion.

      s/ Jill B. Davenport
      Jill B. Davenport


## CERTIFICATE OF SERVICE

I certify that all attorneys deemed to accept service of the above-referenced document electronically will be notified via the Court's CM/ECF system and all other will be served via certified mail, return receipt requested on this 28th day of February 2012.

      s/ Jill B. Davenport
      Jill B. Davenport